IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00933-BNB

MIKEAL GLENN STINE,

Applicant,

v.

RON WILEY, Warden ADX Florence,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 6 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Mikeal Glenn Stine is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the U.S. Penitentiary in Florence, Colorado. Mr. Stine has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on April 27, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. On May 18, 2009, Respondent filed a Preliminary Response. Mr. Stine filed a Reply on June 2, 2009.

The Court must construe the Application and the Reply liberally because Mr. Stine is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court

should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Stine is challenging the validity of a prison disciplinary conviction, in which a Disciplinary Hearing Officer, on January 7, 2009, found him guilty of six disciplinary infractions. (Application at 2.) Mr. Stine asserts his due process rights were violated because he was not allowed to attend the disciplinary hearing and present a statement or evidence. Mr. Stine contends that he has exhausted his administrative remedies because he submitted the appeals of the convictions to the warden of the prison within the time required, but the warden held the appeals from January 22, 2009, until February 23, 2009, while he sought approval to restrict Mr. Stine's outgoing correspondence. Mr. Stine contends that as a result of the warden's actions his appeals to the regional office were rejected as untimely.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners like Mr. Stine. **See** 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her

own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13– 542.15. The BOP administrative remedy procedure, however, provides that a DHO appeal is submitted initially to the Regional Director for the region where the inmate currently is located. *See* 28 U.S.C. § 542.14(d)(2).

The BOP administrative remedy program also provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. 28 C.F.R. § 542.17(a). When a grievance or appeal is rejected, the inmate is provided with a written notice explaining the reason for the rejection, and if the reason for the rejection is correctable the inmate is given a reasonable time to correct the defect. 28 C.F.R. § 542.17(b).

Respondent argues that this action should be dismissed because Mr. Stine has failed to exhaust administrative remedies. Respondent asserts that there are seven administrative remedy requests that challenged Mr. Stine's disciplinary proceeding, including Administrative Request Nos. 528050, 528051, 528297, 528298, 528300, 528301, and 528302. (Prelim. Resp. at 5.) Respondent further contends that Nos. 528050 and 528051 were denied by the regional office, but that Mr. Stine only appealed

3

No. 528051, which is pending review by the national inmate appeals director. (Prelim. Resp. at 5.) As for Nos. 528297, 528298, 528300, 528301, and 528302, Respondent asserts that the requests were rejected by the regional office as untimely, and the national inmate appeals director concurred with the regional office to reject the requests as untimely. (Prelim. Resp. at 5-6.) Respondent further contends that Mr. Stine was informed that if the delay was not his fault to provide staff verification to the regional director, but Mr. Stine failed to comply with the regional office directive. (Prelim. Resp. at 6.)

Mr. Stine is required to follow the procedures set forth in 28 C.F.R. §§ 542.13–542.15 to exhaust his administrative remedies. Mr. Stine may not exhaust his "administrative remedies by, in essence, failing to employ them." **See Jernigan v. Stuchell**, 304 F.3d 1030, 1033 (10th Cir. 2002). Mr. Stine does not deny that Request Nos. 528050 and 528051 were denied by the regional office and that he only appealed No. 528051, which is pending at the national level. Therefore, the Court finds that he has failed to exhaust his remedies with respect to Request Nos. 528050 and 528051.

As for the remaining remedy requests, Mr. Stine was instructed by the regional office to provide verification that his appeals were delayed. He does not deny that he was instructed to provide such verification. Furthermore, Mr. Stine has attached a copy of an inmate restriction notice that indicates he was placed on general correspondence restriction on February 6, 2009. Mr. Stine received a copy of the restriction notice on February 18, 2009. Mr. Stine does not assert that he provided a copy of the notice to

4

the regional office, and the regional director refused to consider the restriction notice as evidence that Mr. Stine's delay in appealing his disciplinary conviction was not his fault.

Based on the above findings, Mr. Stine did not exhaust the BOP administrative procedures properly. The action, therefore, will be dismissed for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice because Mr. Stine failed to exhaust his administrative remedies.

DATED at Denver, Colorado, this 25 day of June, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00933-BNB

Mikeal Glenn Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/26/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk