IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00933-ZLW

MIKEAL GLENN STINE,

    Applicant,

v.

RON WILEY, Warden ADX Florence,

    Respondent.

---

ORDER

---

This matter is before the Court on the partial remand entered by the United States Court of Appeals for the Tenth Circuit on June 28, 2010. The Tenth Circuit has requested that this Court determine whether Mr. Stine delivered a "verified notice of appeal" to prison officials on or about September 2, 2009 for filing in this case. The Tenth Circuit further directed this Court that, if it determines Mr. Stine did deliver an appeal on or about September 2, 2009, to construe the notice of appeal as a request for extension of time and rule on the requested extension.

Subsequently, this Court instructed Respondent to file a supplemental brief addressing the September 2 notice of appeal issue. Mr. Stine also was instructed that he could file a response if he so desired. In response to the Court's directive, Respondent filed a Supplemental Brief on July 30, 2010. Mr. Stine filed a Reply on August 6, 2010 that includes a renewed request for an evidentiary hearing.

Mr. Stine asserts that an evidentiary hearing is required because he has

provided exhibits that unquestionably show he submitted the September 2 notice of appeal. The exhibits include a carbon copy of the alleged September 2 notice of appeal, a copy of what appears to be the cover of a "Datebook" (*see* Doc. No. 20 at Ex. 1), and copies of grievances and statements of other inmates regarding problems receiving and sending mail.

Mr. Stine did not provide copies of the specific pages of the Datebook for September 2, 2009. Furthermore, the copies of grievances and court filings for other inmates do not establish, as Mr. Stine suggests, that it is common practice for the Bureau of Prisons (BOP) staff to either destroy or inadvertently fail to mail pleadings submitted by prisoners for filing with a court. The statements and grievances generally pertain to incidents that occurred before 2008 at facilities other than ADX, where Mr. Stine is incarcerated. In the one incident that pertains to ADX, inmate Randall Royer claims that he did not receive a copy of a preliminary response from the U.S. Attorney in District of Colorado Case No. 10-cv-00982-REB. However, as evidenced by the docket sheet in that case, Mr. Royer did receive without delay all orders entered by this Court and was able to submit his pleadings to this Court without delay. Nothing in Mr. Royer's declaration supports Mr. Stine's claim that Mr. Stine filed a notice of appeal on September 2, 2009.

The exhibits Mr. Stine has submitted do not establish that an evidentiary hearing is necessary. Therefore, Mr. Stine's renewed request for an evidentiary hearing will be denied as unnecessary.

Mr. Stine has submitted a copy of a verified notice of appeal to the Tenth Circuit that he alleges he signed and presented to a BOP official for filing with this Court on

September 2, 2009. Respondent contends, however, that the September 2 notice of appeal is inconsistent with information provided by Mr. Stine in the second notice of appeal filed with this Court on April 28, 2010. In particular, Respondent contends that Mr. Stine states in the second notice of appeal that he filed his first appeal within ten days of the Order of Dismissal, which is dated June 26, 2009. In the copy of the alleged first notice of appeal, however, Mr. Stine states that he did not receive a copy of the June 26 Order of Dismissal until September 2, 2009 in response to his inquiry regarding the status of his case, and that he immediately filed the first notice of appeal on September 2. Relying on a Declaration provided by Kelee Dell, a Special Investigative Services (SIS) Technician for the BOP, Respondent concludes that no mail was withheld in this case, including any verified notice of appeal that Mr. Stine purports to have mailed on September 2, 2009.

In his Reply, Mr. Stine argues that because he filed an inquiry about the status of his case with the Court on August 26, 2009, he has demonstrated that he did not receive the June 26 Order of Dismissal until after the date of his inquiry, or on September 2, 2009. (Reply at 1.) Mr. Stine further argues that, because this Court directed the Clerk of the Court to resend a copy of the June 26 Order of Dismissal to him after receiving his inquiry, this Court interpreted the inquiry as a statement that he did not know of the dismissal. (*Id.*) Mr. Stine concludes that, as a result, time was tolled and the inquiry serves as a basis for enlarging the time to file a notice of appeal. (*Id.* at 2.) Mr. Stine, however, does not counter Respondent's argument that the information Mr. Stine provided in the April 28 notice of appeal contradicts the information he provided in the alleged September 2 notice of appeal.

3

This Court entered an order of dismissal and judgment on June 26, 2009, but did not receive a notice of appeal from Mr. Stine until April 28, 2010, which is well beyond the sixty-day period allowed for him to file an appeal. Although Mr. Stine states in the April 28 notice of appeal that it is his second notice of appeal, he did not include with the April 28 notice of appeal a copy of the alleged September 2 notice of appeal. It was not until Mr. Stine filed a response to Respondent's motion to dismiss his appeal in the Tenth Circuit that he provided a copy of the alleged September 2 notice of appeal.

The Court further notes that, before May 26, 2010, when Mr. Stine filed a response to the Respondent's motion to dismiss his appeal in the Tenth Circuit and attached the alleged September 2 notice of appeal, Mr. Stine did not typically include a declaration pursuant to 28 U.S.C. § 1746 in the pleadings he submitted to the Court stating that he was invoking the prisoner mail-box rule pursuant to **Houston v. Lack**, 487 U.S. 266 (1988) and attesting to when he gave the pleading to a prison staff member for deposit in the prison mail system and to affixing postage to the envelope for mailing the pleading to this Court. **See Stine v. Davis**, No. 10-cv-00977-ZLW at Doc. No. 9 (D. Colo. May 12, 2010) (notice of appeal filed on May 19, 2010 without § 1746 declaration); **Stine v. Davis, et al.**, No. 10-cv-00751-ZLW at Doc. No. 11 (D. Colo. Apr. 20, 2010) (notice of appeal filed on April 28, 2010 without § 1746 declaration); **Stine v. Lappin, et al.**, No. 08-cv-00164-WYD-KLM at Doc. No. 74 (D. Colo. June, 9, 2009) (notice of appeal filed on September 2, 2008 without § 1746 declaration); **Stine v. Lappin, et al.**, No. 07-cv-01839-WYD-KLM at Doc. No. 203 (D. Colo. Sept. 1, 2009) (notice of appeal filed on September 2, 2008 without § 1746 declaration); **Stine v.**

4

*Collins, et al.*, No. 08-cv-00298-ZLW at Doc. No. 9 (D. Colo. Mar. 4, 2008) (notice of appeal filed on March 12, 2008 without § 1746 declaration); *Stine v. United States, et al.*, No. 07-cv-00121-WYD-KLM at Doc. 195 (D. Colo. Jan. 4, 2008) (notice of appeal filed on April 1, 2008 without § 1746 declaration); *Stine v. Wiley, et al.*, No. 06-cv-02105-WYD-KLM at Doc. Nos. 77 and 124 (D. Colo. May 9, 2007) (notices of appeal filed on January 29, 2007 and March 21, 2007 without § 1746 declarations). The alleged September 2 notice of appeal, however, contains a § 1746 declaration invoking the mailbox rule. In two other cases pending at the time Mr. Stine allegedly submitted the September 2 notice of appeal, he filed pleadings with this Court that did not include a § 1746 declaration invoking the mailbox rule. *See Preacher, et al. v. Wiley, et al.*, No. 09-cv-00278-CMA-MEH at Doc. No. 268 (D. Colo. May 3, 2010) (Mr. Stine filed a motion for voluntary dismissal without including a § 1746 declaration invoking the mail-box rule and attesting to delivery of the pleading and provided postage); *Stine v. Blanke*, No. 09-cv-01527-ZLW at Doc. No. 9 (D. Colo. Oct. 22, 2009) (Mr. Stine filed a notice of appeal with the Court on September 1, 2009, without including a § 1746 declaration invoking the mail-box rule or attesting to delivery of pleading and provided postage). In at least three of Mr. Stine's cases, including Case Nos. 10-cv-00977-ZLW, 10-cv-00751-ZLW, and 08-cv-00298-ZLW, the appeal was of a final dismissal order in the case just as the alleged September 2 notice of appeal filed in this case, but Mr. Stine did not include a § 1746 declaration in any of these cases. Furthermore, the Court has reviewed each of the pleadings Mr. Stine has filed in this action and finds that none of the pleadings, including the April 28 notice of appeal, contains a § 1746

5

declaration invoking the mail-box rule and attesting to when he provided the pleading to prison staff and to affixing postage on the envelope for mailing the pleading to this Court. Thus, the inclusion of a § 1746 declaration in the purported September 2 notice of appeal suggests that the notice of appeal was drafted in May 2010 as opposed to September 2009.

There is no indication that Mr. Stine did not receive a copy of the June 26 Order of Dismissal in this case. A Certificate of Mailing was entered along with the Order of Dismissal in Document No. 7 certifying that a copy of the Order of Dismissal was mailed to Mr. Stine on June 26, 2009. The envelope in which the Order and Judgment were sent to Mr. Stine was not returned to the Court as undeliverable. Although Mr. Stine has claimed in the past that his legal mail has been withheld, a recommendation by Magistrate Judge Kristen L. Mix entered in Case No. 07-cv-01839-WYD-KLM at Document No. 344,on June 25, 2009, the day prior to the Court's entering of a dismissal and judgment in this case, which was affirmed and adopted by Chief Judge Wiley Y. Daniel on September 1, 2009, finds to the contrary.

In the recommendation in Case No. 07-cv-01839-WYD-KLM, Magistrate Judge Mix determined that (1) Mr. Stine's testimony at a May 22, 2009, hearing regarding the destruction of his legal mail was not credible; (2) Mr. Stine's evidence that he prepared and sent a response on more than one occasion to the motion to dismiss filed in Case No. 07-cv-01839 was not credible; (3) Mr. Stine's evidence that prison staff was withholding his legal mail was not credible; (4) Mr. Stine had filed false pleadings in Case No. 07-cv-01839; (5) Mr. Stine had failed to comply with three Court orders regarding the filing of a response to the motion to dismiss filed in Case No. 07-cv-

6

01839; and (6) Mr. Stine had inundated the Court with meritless and frivolous filings and had failed to comply with at least twelve Court orders regarding the filing of frivolous, malicious, and abusive pleadings. Magistrate Judge Mix further noted that Mr. Stine's previous co-plaintiff, Mr. Oechsle, who is also a prisoner, stated in Document No. 330-3 in Case No. 07-cv-01839 that Mr. Stine forged his signature on countless pleadings, filed "bogus declarations," and "is knowingly & intentionally committing a multitude of Federal Crimes [by filing false documents]." Case No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 21. Although Magistrate Judge Mix conceded that the credibility of Mr. Oechsle's statements had not been tested, she found Mr. Oechsle gains very little by being a whistle blower and in fact may subject himself to ridicule or worse by other inmates by making the statements against Mr. Stine. *Id.*

Rule 4(a)(1)(B), Fed. R. Civ. P., requires that a notice of appeal be filed within sixty days of the entry of judgment for any civil or criminal case in which the United States is a party, which in this case would have been August 26, 2009. The Court finds it suspicions that Mr. Stine submitted his inquiry, dated August 24, 2009, regarding the status of this case one day prior to the deadline to file a notice of appeal. That inquiry provides no basis for this Court to consider it as a request for an extension of time to file a notice of appeal, nor is there legal authority, as suggested by Mr. Stine, for tolling the time to appeal based on the Court's instruction to the Clerk's Office to send another copy of the Order of Dismissal to him. The Court did not state in the minute order dated August 27, 2009 that the time was tolled. Mr. Stine's statement that he did not receive a copy of the June 26 Order does not show excusable neglect or good cause as required under Fed. R. App. P. 4(a)(5)(A) and, based on the above findings, the Court

7

finds there is not excusable neglect or good cause to merit granting him an extension of time to file a notice of appeal.

Even if the Court were to construe Mr. Stine's August 24 inquiry as a timely motion for an extension of time to file a notice of appeal, Mr. Stine would only have had an additional thirty days from August 25, 2009 to file a notice of appeal. *See* Rule 4(a)(5)(C). Due to the above findings, including that (1) Mr. Stine made contradictory statements in his first and second notices of appeal; (2) Mr. Stine routinely did not submit a § 1746 declaration with his pleadings, specifically in his notices of appeal, regarding the mailbox rule; (3) Mr. Stine has a propensity to file fraudulent documents with the Court; (4) just prior to when this case was dismissed and a copy of the dismissal order was sent to Mr. Stine, Magistrate Judge Mix found in Case No. 07-cv-01839-WYD-KLM that his mail was not subject to delay or destruction; (4) Ms. Dell, BOP's SIS technician, attests that she has no copies for special mail maintained in Mr. Stine's SIS file for September 2, 2009; and (5) a certificate of mailing was entered on the Court's Docket showing that a copy of the June 26 dismissal order was mailed to Mr. Stine on June 26 and was not returned to the Court, the evidence is overwhelming that Mr. Stine did not file a notice of appeal with this Court on September 2, 2009.

Mr. Stine also asserts in his Reply that the alleged September 2 notice of appeal could have been lost in the "Postal Process" by any prison staff member handling his mail prior to the mail reaching Ms. Dell. Mr. Stine further states that Ms. Dell conceded at the May 22, 2009 hearing in Case No. 07-cv-01839-WYD-KLM that she had held a letter in a plastic bag for months pending investigation, and he still has not received notification that the letter is being held by SIS. Neither of these claims support a finding

8

that Mr. Stine's alleged September 2 notice of appeal was destroyed.

The claim that a prison staff member destroyed his notice of appeal prior to it reaching Ms. Dell is speculative and self-serving. Mr. Stine had at least two other pieces of mail, as noted above, which he submitted for mailing at the same time he submitted the alleged September 2 notice of appeal that were received without delay by the Court and filed in either Case No. 09-cv-00278-CMA-MEH at Doc. No. 268 or Case No. 09-cv-01527-ZLW at Doc. No. 9.

Furthermore, the mail that was confiscated and held by SIS pending investigation was not correspondence between Mr. Stine and this Court; the mail was considered general correspondence and was turned over to the authorities in January 2009. Case No. 07-cv-01839-WYD-KLM, Doc. No. 339 (Transcript May 22, 2009 Evid. Hr'g) at 124-25. Mr. Stine's mail was found to be held by prison staff only from January 7 through approximately February 19, 2009. *Id.* at 120. Mr. Stine has conceded that this was the time frame during which his mail was held. *See* No. 10-cv-01652-ZLW at Doc. No. 22. Mr. Stine has provided no evidence that his mail was being held at the time he allegedly submitted the September 2 notice of appeal.

This Court, therefore, finds that Mr. Stine fails to provide sufficient evidence that on September 2, 2009 he delivered a notice of appeal to a prison staff member for filing in this case. Accordingly, it is

ORDERED that, in keeping with the Tenth Circuit's June 28, 2010 Order directing a partial remand, the Clerk of this Court is directed to notify the Tenth Circuit of this Court's determination that Mr. Stine did not deliver a notice of appeal on or about September 2, 2009, for filing in this Court. It is

FURTHER ORDERED that Mr. Stine's renewed request for an evidentiary hearing and oral argument (Doc. No. 28) is denied.

DATED at Denver, Colorado, this  18th  day of  October , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court